**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LAURA DANA, on behalf of herself and all others similarly situated,<br><br>        Plaintiff-Appellant,<br><br>v.<br><br>THE HERSHEY COMPANY, a Delaware Corporation; HERSHEY CHOCOLATE & CONFECTIONERY CORPORATION, a Delaware Corporation,<br><br>        Defendants-Appellees. | No.   16-15789<br><br>DC No. CV 15-4453 JCS<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Joseph C. Spero, Magistrate Judge, Presiding

Argued and Submitted December 7, 2017
Pasadena, California

Before:     TASHIMA, W. FLETCHER, and BERZON, Circuit Judges.

Plaintiff-Appellant Laura Dana appeals the dismissal of her putative class

action lawsuit against Defendants-Appellees The Hershey Company and

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Hershey Chocolate & Confectionery Corporation (collectively, "Hershey").[1]

Hershey is one of the world's largest chocolate companies and sources some of its cocoa beans from the Ivory Coast (or Côte d'Ivoire). The Bureau of International Labor Affairs of the United States Department of Labor recognizes that cocoa beans from the Ivory Coast are produced using "the worst forms of child labour." Therefore, Hershey's supply chain may include child and forced labor, but the company does not disclose this on its labels.

Dana argues that by not labeling its products, Hershey misled purchasers and thereby violated California's consumer protection laws. Specifically, Dana brings suit under (1) California Civil Code §§ 1750, *et seq.*, the Consumers Legal Remedies Act ("CLRA"); (2) California's Business & Professions Code §§ 17200, e*t seq.*, the Unfair Competition Law ("UCL"); and (3) California's Business & Professions Code §§ 17500, *et seq.*, the False Advertising Law ("FAL").

The district court dismissed all of Dana's claims. We review de novo, *Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1103 (9th Cir. 2013), and affirm.

---

[1] This appeal is one of seven related cases that were consolidated for oral argument. For a more fulsome discussion of the issues in these appeals, please refer to the published opinion in *Hodsdon v. Mars, Inc.*, __ F.3d __, No. 16-15444, 2018 WL 2473486 (9th Cir. Jun. 4, 2018).

**1.** Dana argues that Hershey had a duty to disclose, on its labels, the existence of child labor in its supply chain. Plaintiff failed to allege that the existence of child labor in the supply chain affects the chocolate products' central function. *See Hodsdon*, 2018 WL 2473486 at \*6. Therefore, Hershey was under no duty to disclose *Id.*[2]

**2.** "[A]lthough a claim may be stated under the CLRA in terms constituting fraudulent omissions, to be actionable the omission must be contrary to a representation actually made by the defendant, *or an omission of a fact the defendant was obliged to disclose*." *Daugherty v. Am. Honda Motor Co.*, 51 Cal. Rptr. 3d 118, 126 (Ct. App. 2006) (emphasis added). Therefore, Hershey did not violate the CLRA.

**3.** The UCL prohibits "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. "Because Business & Professions Code § 17200 is written in the disjunctive, it establishes three varieties of unfair competition–acts or practices which are unlawful, or unfair, or fraudulent." *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 973 P.2d 527, 540 (Cal. 1999)

---

[2] We assume for the purposes of this appeal that the existence of child labor in the supply chain is material to consumers. We do not reach whether Plaintiff sufficiently alleged that Defendant had the requisite exclusivity of knowledge over the consumer.

(citations and internal quotation marks omitted).  Plaintiff claims that Hershey is liable under all three varieties.

Hershey is not liable under the unlawful prong because Dana did not state a claim under the CLRA.  Likewise, Dana cannot state a claim under the fraudulent prong because Hershey did not have a duty to disclose the forced labor.  *See Berryman v. Merit Prop. Mgmt., Inc.*, 62 Cal. Rptr. 3d 177, 188 (Ct. App. 2007).  Finally, Dana cannot state a claim under the unfair prong pursuant to either of the California tests.  *See Hodsdon*, 2018 WL 2473486, at *7–8.  Therefore, Dana did not state a UCL claim.

**4.**     For the purposes of the FAL, whether an advertisement is misleading is determined by asking whether a reasonable consumer would likely be deceived.  *See Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1162 (9th Cir. 2012).  Dana's FAL claims fail because "a failure to disclose a fact one has no affirmative duty to disclose is [not] 'likely to deceive' anyone."  *See Daugherty*, 51 Cal. Rptr. 3d at 128.

•   ●   •

The judgment of the district court is

**AFFIRMED.**[3]

---

[3] Plaintiff has an outstanding motion to certify a question to the California Supreme Court; however, the question is not outcome determinative. *See* Cal. R. of Court 8.548(a)(1) ("The [California] Supreme Court may decide a question of California law if . . . [t]he decision could determine the outcome of a matter pending in the requesting court."). We therefore deny the motion to certify.